```
IN THE UNITED STATES DISTRICT COURT
    FOR THE DISTRICT OF HAWAII
```

| | |
|---|---|
| DONALD HUANG ) | CIVIL NO. 11-00456 SOM/RLP |
| ) | |
| Plaintiffs, ) | |
| ) | ORDER GRANTING PLAINTIFF'S |
| V. ) | MOTION FOR VOLUNTARY |
| ) | DISMISSAL OF FIRST AMENDED |
| ARMAND BEHPOUR; GC PACIFIC, ) | COMPLAINT |
| INC.; QUEEN EMMA REGENCY, LLC; ) | |
| COTTAGE CAPITAL, LLC; JOHN DOE ) | |
| DEFENDANTS 1-10; JANE DOE ) | |
| DEFENDANTS 1-10; ROE ) | |
| PARTNERSHIPS 1-10; AND ROE ) | |
| GOVERNMENTAL ENTITIES 1-10 ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ORDER GRANTING PLAINTIFF'S MOTION FOR
VOLUNTARY DISMISSAL OF FIRST AMENDED COMPLAINT**

**I.     INTRODUCTION.**

On July 22, 2011, Plaintiff Donald Huang filed the original Complaint in this matter. See ECF No. 1. On April 19, 2012, Plaintiff filed a First Amended Complaint. See ECF No. 42. The First Amended Complaint asserts claims for copyright infringement and a series of state law claims arising out of a business transaction pertaining to a property in downtown Honolulu.

On May 30, 2012, Huang filed a motion to dismiss his First Amended Complaint. See ECF No. 52. Huang argues that dismissal is appropriate because he has recently learned that Defendants were not actually infringing on his copyrighted plans. Huang says that, on or about April 24, 2012, Defendants sent him

a settlement communication that indicated that Defendants had not used and did not plan on using Huang's plans.  Because Huang attached a copy of this settlement communication in support of his motion, see ECF No. 52-3, Defendants have moved to strike the letter and expunge it from the record.  See ECF No. 57.  Rather than strike the exhibit and expunge it from the record, the court, recognizing a compelling need to protect settlement offers, directs the Clerk of Court to immediately seal the settlement communication.[1]

The court grants Huang's motion to voluntarily dismiss the First Amended Complaint.

## II.     BACKGROUND INFORMATION

Huang claims to be an architectural designer who copyrighted a business and architectural plan that was supposed to transform a downtown building into housing for elderly residents with care facilities.  See First Amended Complaint ¶¶ 3, 9, 10, 27.  Huang alleges that Defendants promised that he would be treated like a partner in the project.  Id. ¶¶ 20-21.  Huang alleges that Defendants have been using his plans without compensating him.  Id. ¶ 24.

---

[1]The exhibit is not here being offered or considered to prove or disprove the validity or amount of a disputed claim. Instead, Huang offers it to show that he now has notice of events that he did not previously have.  This use is not prohibited by Rule 408 of the Federal Rules of Civil Procedure.

On April 24, 2012, Defendants notified Huang that they were not using and were not planning on using his design, and that, in any event, the Department of Planning and Permitting had not approved Defendants' plans for a group living facility. See ECF No. 52-3. Huang says that, in light of the letter, he no longer believes he has a claim for copyright infringement. Huang says that he now only has state-law claims and therefore seeks voluntary dismissal of the First Amended Complaint. He has already filed an action in state court asserting his state-law claims.

**III.     LEGAL STANDARD**

   **A.     Rule 12(h)(3) is Inapplicable.**

Huang seeks dismissal of the First Amended Complaint pursuant to Federal Rules of Civil Procedure Rule 12(h)(3), which allows this court to dismiss an action whenever the court determines that it lacks subject matter jurisdiction. The court, however, does not lack subject matter jurisdiction. The First Amended Complaint asserts a copyright claim for which this court has exclusive jurisdiction pursuant to 28 U.S.C. 1338(a). Whether the claim is supported by facts goes to the merits of the claim, not to whether this court has subject matter jurisdiction. Accordingly, Rule 12(h)(3) is inapplicable.

### B. The Court Applies Rule 41(a)(2).

Because Huang is seeking to voluntarily dismiss his own First Amended Complaint, the court construes his motion as one under Rule 41(a)(2) of the Federal Rules of Civil Procedure, which states that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

A Rule 41(a)(2) motion is addressed to the court's "sound discretion." Westlands Water Dist. v. United States, 100 F.3d 94, 97 (9th Cir. 1996). "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." Smith v. Lenches, 263 F.3d 972, 975 (9th Cir. 2001)). "Legal prejudice does not result merely because a defendant will be inconvenienced by potentially having to defend the action in a different forum or because the dispute will remain unresolved." WPP Luxembourg Gamma Three Sarl v. Spot Runner, Inc., 655 F.3d 1030, 1059 n.6 (9th Cir. 2011). Expenses incurred in defending a lawsuit also do not amount to legal prejudice. Westlands Water Dist., 100 F.3d at 97. Instead, to have "legal prejudice," there must be "prejudice to some legal interest, some legal claim, some legal argument." Id.

Even if a defendant is not legally prejudiced by a plaintiff's voluntary dismissal of a complaint, the court may

protect the defendant's interests by imposing attorney's fees and costs as a condition of granting the voluntary dismissal. Imposition of such fees and costs is not required. Id. If the court does impose fees, fees should only be awarded for work that cannot be used in future litigation. Id.

**IV.    ANALYSIS**

Huang seeks to dismiss his First Amended Complaint without prejudice because, while he no longer intends to pursue his copyright claim, he wishes to pursue his state-law claims in a case he filed in state court on July 20, 2012. See Civil No. 12-1-2004-07 ECN. Because Defendants do not demonstrate that they will suffer legal prejudice if the motion is granted, the court grants the motion and dismisses the First Amended Complaint without prejudice.

Defendants argue that Huang's claims are frivolous and should therefore be dismissed with prejudice. Alternatively, Defendants ask that any dismissal be conditioned on Huang's payment of Defendants' fees and costs. Defendants contend that "the frivolity of his claim" is shown by Huang's acknowledgment that Defendants have not infringed on his copyrighted work. See Opposition at 9, ECF No. 58. However, Defendants make no showing that the copyright infringement claim was frivolous when filed; they show only that they convinced Huang to dismiss that claim based on information they gave him after this action was filed.

5

According to Defendants, allowing the First Amended Complaint to be dismissed without prejudice would mean that everything would start over and Huang would delay "the inevitable entry of summary judgment." See Opposition at 11, 17, ECF No. 58. This argument is unpersuasive. First, there is very little to do over. Defendants have not, for example, filed the motion for summary judgment they claim would be inevitably granted. Instead, shortly after Defendants informed Huang that they had not been infringing and had no plans to infringe on his copyright and that the Department of Planning and Permitting had refused to approve the proposed group living facility, Huang filed the present motion to dismiss. This saved Defendants the need to file any motion concerning the copyright claim. Second, to the extent Defendants have made preparations to litigate the state-law claims, that preparation will transfer to the state-court case.

Nor is the court persuaded that dismissal of the copyright infringement claim should be conditioned on the payment of attorney's fees. Defendants contend that "Plaintiff knew or reasonably should have known . . . at the time he filed his Complaint and his First Amended Complaint, that Defendants had not built anything on the subject property, and thus could not have yet violated any copyright Plaintiff had obtained." Opposition at 13-14. Defendants are not persuasive on this

point.  Even if nothing had been erected, Defendants theoretically could have been working off of Huang's design.  The letter Defendants sent Huang in April 2012 informed Huang that Defendants had not been using his plans and had no intention of using those plans.  The letter also told Huang that the Department of Planning and Permitting had denied an application for a conditional use permit to establish a group living facility based on concerns about parking that made the site unsuitable.  Nothing in the record indicates that, before the date of the letter, Huang knew that his plans had not been submitted as part of the conditional use permit application or that Defendants were not otherwise using his plans without paying for them.

Defendants also seek to condition the dismissal of the Complaint on the payment of costs.  However, Defendants fail to submit anything detailing those costs.  Without such information, this court cannot tell whether conditioning dismissal on payment of costs is appropriate.

Although the court is allowing the voluntary dismissal of this case without prejudice and without conditioning it on the payment of fees and costs, the court is not precluding Defendants from submitting a motion in compliance with Local Rule 54.3 that seeks attorney's fees, either pursuant to an agreement and state law, or for bad faith conduct under Rule 11, 28 U.S.C. § 1927, and/or the court's inherent powers, if such a motion is

appropriate.  Similarly, the court is not precluding Defendants from seeking costs as a prevailing party, if such a motion is appropriate and complies with Local Rule 54.2.  The court is not here stating that any motion for fees and costs is appropriate, only that this order, while not awarding fees or costs, does not preclude Defendants from seeking fees and costs, and does not preclude either the denial or award of fees or the taxation or other award of costs.

**V.      CONCLUSION.**

The court grants Huang's motion for voluntary dismissal pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.  The court grants the motion without a hearing pursuant to Local Rule 7.2(d).

The court also denies the motion to strike ECF No. 52-3.  However, the court directs the Clerk of Court to immediately seal that document.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 2, 2012.



    /s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Huang v. Behpour et al., Civ. No. 11-00456 SOM/RLP; ORDER GRANTING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL OF FIRST AMENDED COMPLAINT

8